UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **5:23-cv-00547-MCS-MRW** | Date | July 11, 2023 |
| Title | *Zhang v. Mayorkas* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: JOINT STIPULATION TO STAY (ECF NO. 9) (JS-6)

The parties stipulate to stay this mandamus action until July 19, 2024. The parties agreed that United States Citizenship and Immigration Services will interview Plaintiff on March 7, 2024, and endeavor to render a decision on Plaintiff's asylum application within 120 days of the interview date. Plaintiff agreed to dismiss this case upon receipt of the agency decision. (Stip., ECF No. 9.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). The proponent of a stay bears the

burden of showing that a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Here, the parties' interests and the orderly cause of justice favor granting a stay. Holding the case in abeyance pending agency action on Plaintiff's asylum application likely will moot the case and save the Court and the parties from expending resources on further litigation.

The stipulation is granted. The action is stayed until July 19, 2024, or until USCIS renders a decision on Plaintiff's asylum application, whichever is earlier. By July 19, 2024, the parties shall file a joint status report updating the Court with the status of the asylum application and addressing whether the stay should be extended. Additionally, the parties shall file a joint status report within seven days of any final decision on the application.

The Court directs the Clerk to remove this case from the Court's active caseload until further application by the parties or order of this Court.

**IT IS SO ORDERED.**